IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 30 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| WELTON MARTIN, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:08-CV-444-A |
| PETER TALLEOS | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

On May 18, 2009, defendant, Peter Talleos ("Talleos"), filed a motion for summary judgment in the above-captioned action. Plaintiff, Welton Martin ("Martin"), filed a response on June 8, 2009,[1] to which Talleos filed a reply on June 22, 2009. Having considered Talleos's motion and reply, Martin's response, the summary judgment evidence, and the applicable legal authorities, the court concludes that Talleos's motion for summary judgment should be granted for the reasons discussed herein.

I.

Martin's Claims

Martin's claims stem from Talleos's actions as a Code Enforcement Officer for the City of Fort Worth. The complaint

---

[1] Martin's response does not address his intentional infliction of emotional distress claim. When a nonmovant does not file a response to a motion for summary judgment, the court may accept as undisputed the facts set forth in support of the movant's motion and grant summary judgment on such claim when those facts establish a prima facie showing of entitlement to judgment. See Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to [a claim in] the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." Bookman v. Schubzda, 945 F.Supp. 999, 1002 (N.D.Tex. 1996) (citing Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 165 (5th Cir. 1991)).

alleges that Talleos is liable to Martin under 42 U.S.C. § 1983[2] because he has violated Martin's Fourth Amendment rights and has subjected him to harassment and unwarranted prosecution. Martin also claims that Talleos is liable to him under Texas law under theories of malicious prosecution and intentional infliction of emotional distress.

## II.

### Talleos's Motion

Talleos contends that summary judgment is appropriate because federal law does not recognize Talleos's § 1983 claim for malicious prosecution. In the alternative, Talleos argues that before Martin can bring a malicious prosecution claim, he must first show that the action terminated in his favor. Talleos argues that he is entitled to qualified immunity on all of Martin's claims, including any claims for harassment or false arrest.[3] Talleos finally contends that he is entitled to official immunity from Martin's state law claims, and that Martin has not shown that he can satisfy the requisite elements for his state law claims.

## III.

### Summary Judgment Principles

Rule 56(c) of the Federal Rules of Civil Procedure provides

---

[2] While this count does not explicitly state that these actions violate § 1983, Martin alleges that they violate "U.S.C. 42" because he has been subject to acts "under color of law." Compl. at 3. The court is satisfied that Martin intended to bring a claim under § 1983 for alleged violations of his Fourth Amendment rights.

[3] The court does not read Martin's complaint to independently assert these claims.

2

that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden to show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celeotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the nonmoving party fails to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial, summary judgment must be granted. Celetox Corp., 477 U.S. at 322.

IV.

Material Facts

Martin owned property at 4816 Mobile Drive, Fort Worth, TX, ("the Mobile property") during all times relevant to this action. Beginning in 2005, Talleos began investigating Martin for

3

violations of various city ordinances. Talleos sent Martin "notice of violation" letters and began issuing Martin citations for accumulating discarded materials on the Mobile property and for maintaining a recreational vehicle on the Mobile property, both violations of city ordinances.[4] Meanwhile, in July 2006, Martin, a real estate broker, entered into a contract with David Luna ("Luna") for the sale of the Mobile property. Sometime before August 17, 2006, Talleos spoke with Luna.[5] Luna informed Martin on August 17, 2006, that after speaking with Talleos, Luna would not be doing business with Martin.

V.

Analysis

A.  Federal Claims

It is clear from Martin's complaint and his response to Talleos's motion that he intends to bring a federal malicious prosecution claim under 42 U.S.C. § 1983. The Fifth Circuit has held, however, that a claim for malicious prosecution does not assert a constitutional violation and cannot serve as grounds for a claim under § 1983. Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003).

Martin does not address the viability of his federal

---

[4]Talleos has filed nine criminal proceedings against Martin.

[5]Martin contends that Luna returned Talleos's call and had a seven minute phone conversation with him. Talleos contends that, after seeing a "For Rent" sign on the recreational vehicle on the Mobile property, he called the number on the sign and spoke with the individual who answered. Talleos said that he told the person who answered the phone that the recreational vehicle on the Mobile property was illegally parked on the premises and that it was illegal for him to live there. Any discrepancy between the two accounts is immaterial to the disposition of this motion.

malicious prosecution claim. Instead, the majority of Martin's response is dedicated to an argument that Talleos violated Martin's Fifth or Fourteenth Amendment rights via a right recognized by Texas law. Because this claim was not raised in Martin's complaint, the court will not consider it. See Cutrera v. Bd. of Supervisors of La. St. Univ., 429 F.3d 108, 113 (5th Cir. 2005). Accordingly, Talleos is entitled to judgment as a matter of law.

B.   State Law Claims

    1.   Malicious Prosecution

To succeed on a malicious prosecution claim under Texas law, a claimant must prove that (1) a criminal prosecution was commenced against him, (2) the defendant initiated the prosecution, (3) the prosecution terminated in the claimant's favor, (4) he was innocent of the charges, (5) the defendant lacked probable cause to initiate the prosecution, (6) the defendant acted with malice, and (7) the claimant suffered damages. Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 792 n.3 (Tex. 2006). A plaintiff must rebut the presumption that the defendant acted reasonably with probable cause by producing evidence "that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause." Id. at 793.

Talleos asserts that he had probable cause to issue the citations against Martin. Martin has provided nothing to

overcome the presumption that Talleos acted with probable cause.[6] Accordingly, Talleos is entitled to judgment as a matter of law on this claim. See generally Celeotex Corp., 477 U.S. at 323-25.

2. Intentional Infliction of Emotional Distress

To prevail on a claim of intentional infliction of emotional distress, a claimant must prove by a preponderance of the evidence that (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's actions caused the claimant emotional distress and (4) the emotional distress was severe. Suberu, 216 S.W.3d at 796. Insensitive or rude behavior, along with "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities . . ." do not constitute extreme and outrageous conduct. GTE Sw., Inc. v. Bruce, 998 S.W.2d 605, 612 (Tex. 1999). Talleos contends that Martin's allegations do not allege "extreme and outrageous" conduct. The court agrees, and Talleos is entitled to judgment as a matter of law.

VI.

Order

For the reasons discussed above, the court concludes that Talleos's motion for summary judgment should be granted.

Therefore,

The court ORDERS that all claims and causes of action in the

---

[6] In response, Martin contends only that because there are nine pending criminal charges against him, his claim should be dismissed without prejudice. Because Martin has failed to satisfy another requisite element of his claim, however, dismissal with prejudice is appropriate.

above-captioned action against Talleos be, and are hereby, dismissed with prejudice.

    SIGNED June 30, 2009.

                                                  _____
                                                  JOHN McBRYDE
                                                  United States District Judge